IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

v.                                        **Criminal Action No. 1:10CR78-1**
                                                    **(Judge Keeley)**

**HERBERT DEVAUGHN,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S PRO SE MOTION TO REDUCE
SENTENCE UNDER FIRST STEP ACT OF 2018 [DKT. NO. 311]**

On August 13, 2019, the pro se defendant, Herbert DeVaughn ("DeVaughn"), filed a motion to reduce his sentence under the First Step Act of 2018 (Dkt. No. 311). For the reasons that follow, the Court concludes that DeVaughn is not eligible for relief under the First Step Act and **DENIES** his motion (Dkt. No. 311).

**I. BACKGROUND**

On August 25, 2011, a jury convicted DeVaughn of eleven drug-related offenses that, among others and material to the question presented here, included aiding and abetting the distribution of heroin and cocaine base (Count 12), committed on or about August 24, 2010 (Dkt. Nos. 13, 130). At the sentencing hearing, the Court grouped DeVaughn's counts of conviction and determined that his total relevant drug conduct included at least 3 kilograms but less than 10 kilograms of heroin (Dkt. No. 198 at 15, 17). Including enhancements of 4 levels for his role as a leader in the offense and 2 levels for his use of individuals under the age of 18 to

distribute illegal drugs, DeVaughn's total offense level was a 40. Id. at 17. With a Criminal History Category of III, DeVaughn's resulting guideline range of imprisonment was 360 months to life. Id. at 24, 30. His conviction on Count 1, Conspiracy to Possess with the Intent to Distribute at least 100 Grams of Heroin, carried a mandatory statutory minimum term of imprisonment of 5 years. Id. at 30.

The Court sentenced DeVaughn to concurrent sentences of incarceration of 360 months as to Counts 1 and 15, and 240 months as to Counts 3, 4, 8, 9, 10, 11, 12, 13, and 14 (Dkt. No. 188). It also sentenced him to concurrent 4-year sentences of supervised release as to Count 1, 6 years as to Count 15, and 3 years as to Counts 3, 4, 8, 9, 10, 12, 13, and 14. Id.

## II. APPLICABLE LAW

The Fair Sentencing Act of 2010 reduced the statutory penalties for cocaine base offenses to alleviate the sentencing disparity between crack and powder cocaine. United States v. Peters, 843 F.3d 572, 575 (4th Cir. 2016).[1] Initially, the changes

---

[1] Section 2 of the Fair Sentencing Act modified the drug quantities required to trigger mandatory minimum sentences for cocaine base (often referred to as crack cocaine) trafficking offenses; it increased the amount required to trigger the five-year mandatory minimum from 5 grams to 28 grams and increased the amount required to trigger the ten-year mandatory minimum from 50 grams to 280 grams. United States v. Wirsing, 943 F.3d 175, 179 (4th Cir. 2019). Section 3 eliminated the five-year mandatory minimum for simple possession of crack. Id.

made by the Fair Sentencing Act, which took effect on August 3, 2010, did not apply retroactively, which resulted in disparities between sentences for cocaine offenses imposed either before or after August 3, 2010. United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020).

To address these disparities, Congress enacted the First Step Act of 2018, which made retroactive the provisions of the Fair Sentencing Act to cases involving cocaine base offenses where the sentences had been imposed before August 3, 2010. Id. Under Section 404 of the First Step Act, a court that "imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404(b), 132 Stat. 5194, 5222 (2018).

To determine whether a sentence reduction in this case is permitted by the First Step Act, the Court first must determine whether DeVaughn was convicted of a "covered offense." Gravatt, 953 F.3d at 262. A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Pub. L. No. 115-015, § 404(a), 132 Stat. 5194, 5222. However, "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the

3

amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220, 124 Stat. 2372)." § 404(c).

### III. ANALYSIS

DeVaughn is not entitled to relief under the First Step Act because his conviction for Aiding and Abetting the Distribution of Heroin and Cocaine Base (Count 12) is not a covered offense. Although DeVaughn's conviction for Count 12, where he was "conjunctively charged" with distribution of both heroin and cocaine base, may have been modified by § 2 of the Fair Sentencing Act, Gravatt, 953 F.3d, 264 and United States v. Woodson, 799 F. App'x 214 (4th Cir. 2020) (interim order), he committed that offense on or about August 24, 2010 (Dkt. No. 13). Because this offense was not committed before August 3, 2010, it is not a "covered offense" pursuant to the First Step Act. § 404(a), 132 Stat. at 5222.

Beyond that, DeVaughn is not eligible for relief because the sentence imposed for Count 12 accorded with the amendments made by the Fair Sentencing Act. Indeed, DeVaughn was sentenced on December 1, 2011, more than a year after the Fair Sentencing Act took effect, and also after the United States Sentencing Commission had amended the Sentencing Guidelines to conform to the new statutory minimum mandatory sentences set forth in the Fair Sentencing Act. U.S.S.G., App. C Amend. 748 (effective Nov. 1, 2010); U.S.S.G. 2011 App. C Amend. 750 (effective November 1, 2011). Tellingly, although

DeVaughn's offenses were grouped for sentencing and his relevant drug conduct was measured in a total amount of heroin, the Presentence Investigation Report indicated no statutory minimum mandatory sentence of imprisonment applied to Count 12 (Dkt. No. 198 at 30). Accordingly, the Court cannot retroactively apply a statute already in effect and applied at the time DeVaughn was sentenced.

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** DeVaughn's motion to reduce his sentence pursuant to the First Step Act of 2018 (Dkt. No. 311).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to DeVaughn by certified mail, return receipt requested, and to counsel of record by electronic means.

DATED: May 13, 2020.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE