IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


HERBERT DEVAUGHN,

        Petitioner,

                                    Civil Action No. 1:14CV173
                                    Criminal Action No. 1:10CR78-1
v.                                        (Judge Keeley)


UNITED STATES OF AMERICA,

        Respondent.


MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],
GRANTING IN PART AND DENYING IN PART § 2255 PETITION
[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court are the pro se petition filed by Herbert DeVaughn ("DeVaughn") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 269),[1] and his motion for leave to amend that petition (Dkt. No. 302). For the reasons that follow, the Court **GRANTS** DeVaughn's motion for leave to amend (Dkt. No. 302), **GRANTS IN PART** and **DENIES IN PART** his § 2255 petition (Dkt. No. 269), and **DISMISSES** this case **WITH PREJUDICE.**

---

[1]   All docket numbers refer to Criminal Action No. 1:10CR78 unless otherwise noted.

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],
## GRANTING IN PART AND DENYING IN PART § 2255 PETITION
## [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE
## WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

### I. BACKGROUND

**A. Prior Criminal Proceedings**

On September 22, 2010, a grand jury returned an indictment which charged DeVaughn with conspiracy to possess with the intent to distribute at least 100 grams of heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B) ("Count One"); seven counts of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Counts Three, Four, Eight, Nine, Eleven, Thirteen, and Fourteen"); possession with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 ("Count Ten"); distribution of heroin and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) ("Count Twelve"); and use of a minor to distribute heroin, in violation of 21 U.S.C. § 861(a)(1) ("Count Fifteen") (Dkt. No. 13).

After a three-day trial, a jury convicted DeVaughn on all eleven counts in which he was named as a defendant (Dkt. No. 136). On September 6, 2011, he moved for a new trial, arguing that (1) the Court had improperly required his attorney to use peremptory

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302], GRANTING IN PART AND DENYING IN PART § 2255 PETITION [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

strikes to excuse jurors who should have been removed for cause;
(2) the Court had improperly admitted evidence of his prior acts
under Fed. R. Evid. 404(b); and (3) insufficient evidence existed
to sustain a conviction on Count Three because the only probative
evidence supporting that conviction was hearsay testimony from a
police officer who had listened to the drug transaction (Dkt. No.
142).

On December 1, 2011, the Court denied DeVaughn's post-trial
motion (Dkt. No. 183) and sentenced him to concurrent 360-month
sentences on Counts One and Fifteen,[2] and concurrent 240-month
sentences on Counts Three, Four, and Eight through Fourteen (Dkt.
No. 188). It also imposed concurrent sentences of supervised
release of six (6) years on Counts One and Fifteen and concurrent
terms of three (3) years on each of the remaining counts. Id.

---

[2] Pursuant to Amendment 782 to the United States Sentencing Guidelines,
effective November 1, 2014, and made retroactive by the Sentencing
Commission, the Court, on January 27, 2015, reduced DeVaughn's original
360-month sentences on Counts One and Fifteen to 288 months of
imprisonment (Dkt. No. 285).

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

On December 2, 2011, DeVaughn appealed to the Fourth Circuit Court of Appeals (Dkt. No. 185), and also moved to terminate his relationship with his attorney and proceed pro se (Dkt. No. 204). The Fourth Circuit granted his motion to terminate but appointed new appellate counsel (Dkt. No. 208).

On appeal, DeVaughn assigned as error: (1) the Court's denial of his motion to strike two potential jurors; (2) its calculation of his relevant drug weight; and (3) its enhancement of his sentence based on his role as a leader and because he used a minor in connection with his drug dealing activity (Dkt. No. 215). On June 6, 2013, the Fourth Circuit affirmed DeVaughn's conviction and sentence. Id. On August 23, 2013, DeVaughn petitioned the Supreme Court for a writ of certiorari (Dkt. No. 307), which that Court denied on October 7, 2013 (Dkt. No. 308).

**B. Instant § 2255 Petition**

On October 17, 2014, DeVaughn, acting pro se, filed a § 2255 habeas petition alleging ineffective assistance of counsel during plea bargaining, trial, sentencing, and on appeal (Dkt. No. 269).

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302], GRANTING IN PART AND DENYING IN PART § 2255 PETITION [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

On December 17, 2014, he filed a memorandum of law expanding on these allegations (Dkt. No. 283).

**C. Motion to Amend**

After its correspondence directed to DeVaughn was returned as undelivered based on his failure to update his address, the Court dismissed his petition without prejudice on November 2, 2017 (Dkt. No. 297). Then, on March 3, 2019, DeVaughn moved to reopen his case and provided an updated address (Dkt. No. 298). The Court granted his motion to reopen on May 7, 2019 (Dkt. No. 300).

Shortly thereafter, on June 14, 2019, DeVaughn moved for leave to amend his habeas petition to add another ground for relief to his ineffective assistance of counsel claim (Dkt. No. 302). After DeVaughn filed this motion, the Court notified him, pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2022), that his § 2255 petition may be untimely as it appeared he had filed it after the expiration of the statute of limitations (Dkt. No. 303). DeVaughn responded on July 8, 2019, disputing that his petition was untimely (Dkt. No. 305). In support, he filed copies of correspondence

5

DEVAUGHN v. UNITED STATES                          1:14CV173/1:10CR78-1

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302], GRANTING IN PART AND DENYING IN PART § 2255 PETITION [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

regarding his petition for writ of certiorari denied by the Supreme Court on October 7, 2013 (Dkt. No. 308).

After it reviewed this information, the Court again notified DeVaughn that his § 2255 petition may still be untimely because the Court received it on October 17, 2014, ten (10) days after the expiration of the one-year filing deadline (Dkt. No. 306). DeVaughn argued in response that under the prison mailbox rule his petition was timely (Dkt No. 310 at 2). See Houston v. Lack, 487 U.S. 266 (1988).

## II. APPLICABLE LAW

Section 2255(a) permits a federal prisoner who is in custody to assert the right to be released if his "sentence was imposed in violation of the Constitution or laws of the United States," if "the court was without jurisdiction to impose such sentence," or if his "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner bears the burden of proving any of these grounds by

DEVAUGHN v. UNITED STATES                           1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

a preponderance of the evidence. See <u>Miller v. United States</u>, 261
F.2d 546, 547 (4th Cir. 1958).

### III. TIMELINESS

The Court must first determine whether DeVaughn timely filed
his § 2255 petition, memorandum of law, and motion to amend. The
Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")
established a one-year statute of limitations for filing a habeas
petition under § 2255. Under the AEDPA, the limitation period
begins on the latest of:

> (1)  the date on which the judgment of
>      conviction becomes final;
>
> (2)  the date on which the impediment to
>      making a motion created by the
>      governmental action in violation of the
>      Constitution or laws of the United States
>      is removed, if the movant was prevented
>      from making a motion by such governmental
>      action;
>
> (3)  the date on which the right was initially
>      recognized by the Supreme Court and made
>      retroactively applicable to cases on
>      collateral review; or
>
> (4)  the date on which the facts supporting
>      the claim or claims presented could have

7

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

> been discovered through the exercise of
> due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Although a habeas petition generally must be filed within the one-year statute of limitations, for prisoners this timeframe depends on when the document is mailed, not when it is received by the Court. See Houston, 487 U.S. at 276 (holding that an appellate notice is deemed filed at the time it is delivered to prison officials, not the time the Court receives it); United States v. McNeill, 523 F. App'x 979, 982 (4th Cir. 2013) (finding "that the prison mailbox rule should apply if [the petitioner] mailed his petition before the end of the appellate limitations period"). Moreover, Rule 3 of the Rules Governing Section 2255 Proceedings provides that "[a] paper filed by an inmate . . . is timely if deposited in the institution's internal mailing system on or before the last day for filing."

Regarding motions to amend, Rule 12 of the Rules Governing Section 2255 Proceedings provides that the Federal Rules of Civil Procedure "may be applied" "to the extent that they are not

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302], GRANTING IN PART AND DENYING IN PART § 2255 PETITION [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

inconsistent with any statutory provisions or these rules." Because the Rules Governing Section 2255 Proceedings do not provide for an amendment procedure, Fed. R. Civ. P. 15 applies. United States v. Pittman, 209 F.3d 314, 316-17 (4th Cir. 2000).

Fed. R. Civ. P. 15(a)(1) provides that

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires," id., and motions to amend "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." United States v. Shabazz, 509 F. App'x 265, 266

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

## MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302], GRANTING IN PART AND DENYING IN PART § 2255 PETITION [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

(4th Cir. 2020) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)).

Other circuits have held that time-barred claims are futile unless "[they] relate[] back to the date of the original filing." Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998); see also Anderson v. Bondex Int'l, Inc., 552 F. App'x 153, 156 (3d Cir. 2014). An amendment "relate[s] back to the date of the original pleading when . . . [it] asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

**A. Section 2255 Petition**

DeVaughn's conviction became final on October 7, 2013, the date on which the Supreme Court denied his petition for writ of certiorari (Dkt. No. 308). Although his § 2255 petition was filed in this Court on October 17, 2014, DeVaughn has asserted that he "placed [his petition] in the prison mailing system on October 6, 2014" (Dkt. No. 269 at 13). The envelope in which his petition was mailed appears to bear a postmark date of October 6, 2014, thus

10

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

confirming DeVaughn's assertion (Dkt. No. 270). Accordingly, as DeVaughn turned over his petition to prison officials prior to the filing deadline, the Court concludes that he timely filed his petition. See Houston, 487 U.S. at 276; McNeill, 523 F. App'x at 982.

**B. Memorandum of Law**

Although DeVaughn's memorandum of law in support of his petition was not filed until December 17, 2014, well after the filing deadline under the AEDPA (Dkt. No. 283),[3] the Rules Governing Section 2255 Proceedings do not impose a deadline for the filing of such memoranda. And even if construed as a motion to amend, DeVaughn's memorandum raises no new grounds for relief but only seeks to clarify previous arguments made in the limited space provided on the court-approved form. The Court therefore concludes that DeVaughn's memorandum of law also was timely filed.

---

[3] Notably, buried in a footnote within his § 2255 petition, DeVaughn "request[ed] leave to file [a] memorandum of law in support of grounds at [a] later date" (Dkt. No. 269-1 at 6 n.1).

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

**C. Motion to Amend § 2255 Petition**

On June 14, 2019, DeVaughn moved for leave to amend his § 2255 petition to add as a ground for relief counsel's failure to object to the Court's instructions and verdict form, which failed to instruct the jury to determine a specific quantity of drugs attributable to him (Dkt. No. 302). DeVaughn contends that as a result of this failure, the 360-month sentence the Court originally imposed on Count One exceeded the maximum punishment authorized by law. Id.

Although DeVaughn's motion was filed after the expiration of the period to amend as of right, a party may amend its pleadings with the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, given the seriousness of DeVaughn's allegation, granting him leave to amend furthers the interests of justice. Moreover, the amendment is not futile because DeVaughn's claim arises out of "the conduct, transaction, or occurrence set out . . . in the original pleading," Fed. R. Civ. P. 15(c)(1)(B), and is not separate from DeVaughn's

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],
### GRANTING IN PART AND DENYING IN PART § 2255 PETITION
### [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE
### WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

other claims in "both time and type." United States v. Pittman,
209 F.3d 314, 318 (4th Cir. 2000). Thus, his amendment relates
back to the original filing date. Accordingly, the Court **GRANTS**
DeVaughn's motion for leave to amend his § 2255 petition (Dkt. No.
302).

### IV. DISCUSSION

DeVaughn claims his attorney's ineffectiveness impacted
multiple phases of his case. After a thorough review of both
DeVaughn's claims and the record, the Court concludes that
counsel's representation was not ineffective.

To succeed on a claim of ineffective assistance of counsel,
a petitioner must establish, by a preponderance of the evidence,
that (1) his "counsel's performance was deficient," and (2) "the
deficient performance prejudiced the defense." Strickland v.
Washington, 466 U.S. 668, 687 (1984). The petitioner must "satisfy
both prongs, and a failure of proof on either prong ends the
matter." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

To satisfy the first prong, a petitioner must demonstrate that his counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687–88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. To satisfy the second prong, the petitioner must establish that his counsel's error was not harmless, but prejudicial to the outcome of the case. Id. at 694.

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],
GRANTING IN PART AND DENYING IN PART § 2255 PETITION
[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

## A. Ineffective Assistance of Counsel During Plea Bargaining

DeVaughn contends his attorney failed to advise him that, pursuant to United States v. Divens, 650 F.3d 343, 344 (4th Cir. 2011), he could have avoided a calculation of his relevant conduct by pleading guilty to the indictment and signing an acceptance of responsibility statement (Dkt. Nos. 269 at 4, 283 at 10-12). And had he been so advised, DeVaughn further contends he would have pleaded guilty and received a lower sentence (Dkt. No. 283 at 12). The Government asserts that DeVaughn misconstrues the holding in Divens and argues he would not have signed an acceptance of responsibility statement in any event (Dkt. No. 287 at 4-6).

DeVaughn correctly notes that the defendant in Divens had pleaded guilty without the benefit of a plea agreement and also had signed an acceptance of responsibility statement. But beyond that point, his expansive reading of Divens is unjustified. Divens held that "under [U.S.S.G.] § 3E1.1(b) the Government retains discretion to refuse to move for an additional one-level reduction [for acceptance of responsibility], but only on the basis of an

15

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

interest recognized by the guideline itself – not . . . on the basis of any conceivable legitimate reason." Id. at 347. Thus, Divens did not provide, as DeVaughn contends, a unique procedure whereby a defendant could avoid the calculation of relevant conduct under the sentencing guidelines, but only narrowed the circumstances in which the Government could refuse to move for a third-level reduction for acceptance of responsibility.

Although he mischaracterizes the impact of Divens, DeVaughn argues that his counsel failed to inform him of the option of pleading to the indictment and signing an acceptance of responsibility statement. Even so, he cannot establish prejudice as a result of such failure.

DeVaughn contends that, because the indictment charged him with distributing at least 100 grams of heroin, his base offense level following a plea to the indictment would have been a 26, the guideline level corresponding to at least 100 grams but less than

16

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],
### GRANTING IN PART AND DENYING IN PART § 2255 PETITION
### [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE
### WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

400 grams of heroin (Dkt. No. 283 at 12).[4] But in a drug case such
as this, even when a defendant pleads guilty to the indictment,
under U.S.S.G. § 1B1.3 the Court still must calculate his drug
weight or relevant conduct to determine an applicable guideline
range for sentencing.

DeVaughn's contention that a plea agreement he rejected
included a stipulation to a base offense level of 28 does not aid
his argument (Dkt. No. 283 at 12). A stipulation to a base offense
level in a proposed plea agreement does not obviate the Court's
duty under the guidelines to calculate a defendant's relevant
conduct and determine whether the stipulation is reasonable. Nor
does a guilty plea to the indictment with a signed acceptance of
responsibility statement avoid this requirement.

Here the Court determined that DeVaughn's relevant conduct
involved at least one (1) kilogram but less than three (3)
kilograms of heroin (Dkt. No. 202 at 35-36). This placed him at a

---

[4] As it did when it sentenced DeVaughn (Dkt. No. 198 at 17), the Court
has used the 2010 version of the United States Sentencing Guidelines in
its consideration of his habeas arguments.

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],
### GRANTING IN PART AND DENYING IN PART § 2255 PETITION
### [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE
### WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

base offense level of 32, id., which exceeded both the level 26 he

contends would have applied under Divens and also the level 28

stipulation in the plea agreement he rejected. Accordingly, any

failure by his counsel to advise him about Divens did not result

in prejudice.

In any event, DeVaughn's argument that he would have signed

an acceptance of responsibility statement cannot be squared with

his statements at sentencing, where he adamantly maintained his

innocence.

> Your honor, I feel like everything that's been
> put on me is just – it's not true and I've
> been charged with a lot of charges that I did
> not commit and the evidence is – it shows that
> all this stuff is just all hearsay and me
> coming and going to trial with 15 counts of
> charges that I didn't commit and people's just
> boosting up everything that they're saying
> that's going on in this case, that it's not
> true and I feel like something needs to be
> done about it because, I mean, it's – the
> evidence shows – there's nothing that should
> prove that I ever hand anybody anything – any
> drugs or that I ever participated with any of
> these people at all.

(Dkt. No. 202 at 38-39).

18

DEVAUGHN v. UNITED STATES                          1:14CV173/1:10CR78-1

MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],
GRANTING IN PART AND DENYING IN PART § 2255 PETITION
[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

It was not until years later, during the litigation of this habeas petition, that, in March 2020, DeVaughn finally acknowledged he had "never fully taken responsibility for [his] actions" (Dkt. No. 314). Indeed, he had never taken any responsibility but resolutely had maintained his innocence. Thus, any contention by DeVaughn now that, had he known of the Divens option in 2011, he would have signed a statement accepting responsibility for his drug distribution is belied by the record.

Finally, the record also establishes that DeVaughn almost certainly understood the benefits he would have obtained from a guilty plea. The Government offered him a plea agreement explicitly providing that, should he plead guilty and accept responsibility, it would concur with a two-level reduction for acceptance of responsibility and also move for the additional third-level reduction under U.S.S.G. § 3E1.1 (Dkt. No. 287-1 at 2-3). That offer unambiguously informed DeVaughn that, under the sentencing guidelines, he could obtain up to a three (3) level reduction in his total offense level upon timely entry of a guilty plea. But in

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

the face of that potential reduction, DeVaughn rejected the plea
agreement and exercised his right to proceed to trial. His argument
is thus unavailing.

**B. Ineffective Assistance of Counsel During Trial**

**1. Failure to Mitigate During a Natural Disaster**

DeVaughn next asserts that his trial counsel failed to
mitigate the interruption to the trial caused by a brief earthquake
(Dkt. Nos. 269 at 5, 283 at 12-17). Specifically, he argues counsel
should have requested a continuance or sought to have the jury
questioned regarding any possible distraction caused by the
interruption (Dkt. No. 283 at 16). The Government responds that
the earthquake "lasted a second" and did not disrupt the
proceedings (Dkt. No. 287 at 7).

Even assuming that counsel's failure to undertake such a
mitigation strategy was objectively unreasonable, DeVaughn cannot
establish that a continuance or jury inquiry would have altered
the proceedings. Other than his rank speculation that jurors may
have been distracted (Dkt. No. 283 at 16), he offers no compelling

20

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

evidence that the earthquake in any way impacted the outcome of
his case. To the contrary, to ensure there was no distraction, the
Court confirmed for the jurors that the courthouse was safe for
occupancy and instructed them not to independently research the
event (Dkt. No. 200 at 57, 128).[5] Accordingly, DeVaughn's argument
is unpersuasive.

**2. Failure to Object to Evidence**

DeVaughn next contends that his counsel failed to object to
the lack of authentication of a beer receipt introduced at trial
(Dkt. No. 283 at 17-27).[6] He also asserts that his counsel
inadvertently opened the door to questions about his arrest and
failed to adequately rebut the beer receipt. Id. The Government
counters that the beer receipt was properly authenticated under

---

[5] The Court's comment that members of the jury might read about the
earthquake did not contradict its prohibition against independent
research (Dkt. No. 200 at 128).
[6] DeVaughn also argues that his counsel was ineffective for failing to
move to suppress this evidence before trial (Dkt. No. 283 at 25).
However, he does not explain why this was objectively unreasonable or
how the proceedings would have been different had a motion been filed.
The Court will not "construct [DeVaughn's] legal arguments for him."
Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993).

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

Fed. R. Evid. 901, and points out that any deficiency in the disputed evidence was outweighed by the testimony of witnesses and other evidence (Dkt. No. 287 at 7-8).

"To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. "Testimony that an item is what it is claimed to be" satisfies the authentication requirement. Id.

Here, the Government introduced the testimony of Detective Rob Miranov ("Detective Miranov"), who had purchased the beer and obtained the receipt. Detective Miranov confirmed that the Government's Exhibit 31 was a copy of the beer receipt and that Exhibit 31A was the original receipt (Dkt. No. 201 at 145-46). Any objection to the introduction of the receipt therefore would have been meritless, and "[a]n attorney's failure to raise a meritless argument [ ] cannot form the basis of a successful ineffective assistance of counsel claim[.]" United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

22

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

DeVaughn's allegation that his attorney improperly opened the door to questions about his arrest and failed to address the beer receipt in his closing argument is equally without merit. Specifically, the Government used the beer receipt to link DeVaughn to the heroin distribution charged in Count Eleven, which took place in the early morning hours of August 24, 2010. On cross-examination, DeVaughn's counsel inquired of Detective Miranov as follows:

> DEFENSE COUNSEL: Do you know why we need a copy of the beer receipt?
>
> MIRANOV: Yes--yes I do.
>
> DEFENSE COUNSEL: Why?
>
> MIRANOV: After your client was arrested, the receipt was found in his pocket.
>
> DEFENSE COUNSEL: What happened to the original?
>
> MIRANOV: Well I would say these things are--I believe when they're printed, they're printed on like heat so after a while the heat turns the whole piece of paper black so that's why it's good to make copies of that stuff.

23

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

(Dkt. No. 201 at 153). Then, in his closing argument, DeVaughn's

counsel stated:

> DEFENSE COUNSEL: The prosecution has made a
> good bit about the money and the beer receipt?
>
> . . .
>
> Permit me to remind you, a defendant doesn't
> have to prove anything.

(Dkt. No. 201 at 245).

Trial counsel's performance on this issue was objectively

reasonable. While cross-examining Detective Miranov, he attempted

to establish why a copy of the receipt had been made, presumably

in an effort to weaken its probative value. Moreover, in his

closing argument, he minimized the weight of the beer receipt while

also pointing out other alleged gaps or weaknesses in the

Government's case. Although this strategy ultimately failed, "it

is all too easy for a court, examining counsel's defense after it

has proved unsuccessful, to conclude that a particular act . . .

was unreasonable." Strickland, 466 U.S. at 689. Accordingly,

"indulg[ing] [the] strong presumption that counsel's conduct falls

24

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

within the wide range of reasonable professional assistance," id.,
the Court concludes that the attempts of DeVaughn's attorney to
minimize the impact of the beer receipt were objectively
reasonable.

It is notable that DeVaughn focuses his arguments exclusively
on the beer receipt while ignoring the substantial evidence linking
him to the specific transaction charged in Count Eleven. For
example, one witness, Julie Lang ("Lang"), testified that she had
arranged to purchase heroin from DeVaughn in exchange for beer and
money (Dkt. No. 200 at 45-53). Moreover, Detective Miranov
testified that he had purchased Corona beer for Lang to use in the
transaction (Dkt. No. 201 at 144-47), and Sergeant Todd Forbes
("Sergeant Forbes") testified that he had assisted Lang in planning
the controlled buy. Id. at 335-39. Additionally, Sergeant Forbes
testified that when DeVaughn was arrested he possessed a receipt
for beer, a Corona beer bottle cap, and U.S. currency previously

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

provided for controlled buys.[7] Id. at 346-49. Given the weight of this evidence, DeVaughn cannot establish that his counsel's performance, even if objectively unreasonable, resulted in prejudice.

### 3. Failure to Challenge Jury Instructions

DeVaughn next argues that his counsel was ineffective because he failed to request a limiting instruction regarding juvenile co-conspirators (Dkt. Nos. 269 at 5, 283 at 28-29). Additionally, he asserts that, as to Count One, his counsel failed to request a jury determination of the specific quantity of drugs attributable to him, rather than to the entire conspiracy (Dkt. No. 302 at 5). The Government responds that, based on the testimony of non-minors, DeVaughn was properly convicted (Dkt. No. 287 at 8).

**a.**

As to his first argument, DeVaughn appears to contend that his counsel should have requested an instruction requiring the

---

[7] The testimony does not clearly establish whether the U.S. currency was from the controlled buy that involved the beer receipt or from another controlled buy conducted by Lang later that same day.

26

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

jury to find that he knew certain co-conspirators were minors, and another instruction prohibiting the jury from considering any minor's actions. Both contentions are without merit. In the first place, in order to convict DeVaughn of the conspiracy, the Government was not required to prove that he knew minors were involved. United States v. Camara, 908 F.3d 41, 46 (4th Cir. 2018) ("The existence of the conspiracy, rather than the particular identity of the conspirators, is the essential element of the crime." (quoting United States v. Am. Waste Fibers Co., 809 F.2d 1044, 1046 (4th Cir. 1987)).

Secondly, while in certain circumstances a Court may limit consideration of a defendant's pre-majority activity, United States v. Spoone, 741 F.2d 680, 687-88 (4th Cir. 1984), those are not present where, as here, DeVaughn and all his co-defendants were adults.[8] Even more to the point, consideration of DeVaughn's dealings with minors was necessary where Count Fifteen charged him

---

[8] The true name of one of DeVaughn's co-defendants was apparently never learned, and the charges against that co-defendant were dismissed on September 9, 2014 (Dkt. No. 254).

DEVAUGHN v. UNITED STATES                      1:14CV173/1:10CR78-1

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],
## GRANTING IN PART AND DENYING IN PART § 2255 PETITION
## [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE
## WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

with using a minor to distribute a controlled substance. 21 U.S.C.
§ 861 ("It shall be unlawful for any person at least eighteen years
of age to knowingly and intentionally . . . employ, hire, use,
persuade, induce, entice, or coerce, a person under eighteen years
of age to violate any provision of this subchapter or subchapter
II"). Accordingly, because such actions had to be considered by
the jury in their deliberations regarding Count Fifteen,
DeVaughn's arguments lack legal merit and cannot form the basis of
an ineffective assistance of counsel claim. United States v.
Kimler, 167 F.3d at 893.

### b.

DeVaughn's argument that the Court failed to instruct the
jury to determine the amount of drugs attributable to him in the
conspiracy, and erroneously increased his maximum sentence from 20
to 40 years as a result, has merit. In support of this argument,
he relies on United States v. Collins, 415 F.3d 304 (4th Cir.
2005), which held that the applicable maximum sentence under 21
U.S.C. § 841(b) "is determined by a consideration of the amount of

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

narcotics attributable to that defendant." Id. at 313 (emphasis added). Indeed, in Collins, the Fourth Circuit held that a district court erred by increasing the applicable maximum sentence without instructing the jury to determine the drug quantity attributable to a particular defendant. 415 F.3d at 312-13. Moreover, under Pinkerton v. United States, 328 U.S. 640 (1946), the drug quantity attributable to a defendant within a conspiracy must be "within the scope of the defendant's agreement and reasonably foreseeable to the defendant." United States v. Ferguson, 245 F. App'x 233, 235-36 (4th Cir. 2007).

Here, none of DeVaughn's counts of conviction "require[d] a threshold drug quantity for criminal liability," Ferguson, 245 F. App'x at 236 n.2; Collins, 415 F.3d at 314. As to Count One, the Court's jury instructions and verdict form asked the jury to determine if 100 or more grams of heroin were involved in the total conspiracy, but failed to ask it to find a specific drug quantity attributable to DeVaughn (Dkt. Nos. 130 at 3, 133 at 22-23). Had the jury attributed 100 or more grams of heroin to DeVaughn,

29

DEVAUGHN v. UNITED STATES                         1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

pursuant to 21 U.S.C. § 841(b)(1)(B), his maximum punishment on
Count One would have increased from 20 to 40 years of imprisonment.
But absent such a finding, his statutory maximum punishment on
Count One remained 20 years. 21 U.S.C. § 841(b)(1)(C).
Consequently, because the Court sentenced DeVaughn to 30 years on
Count One, its sentence was not authorized by law and must be
corrected.

Despite this sentencing error as to Count One, Count Fifteen
charged DeVaughn with using minors to distribute heroin. And the
penalty for such an offense is "twice the maximum punishment
otherwise authorized." 21 U.S.C. § 861(b). Therefore, DeVaughn's
conviction on Count Fifteen increased his maximum punishment from
20 years to 40 years. 21 U.S.C. §§ 841(b)(1)(C), 861(b).

At sentencing, the Court imposed concurrent sentences of 30
years of imprisonment on each of Counts One and Fifteen.
Consequently, given DeVaughn's 30-year sentence on Count Fifteen,
a reduction of his sentence on Count One to 20 years will not
reduce his overall term of imprisonment. Therefore, his counsel's

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302], GRANTING IN PART AND DENYING IN PART § 2255 PETITION [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

failure to object to the erroneous jury instructions and verdict form did not result in prejudice.

Although counsel's failure to object cannot form the basis for an ineffective assistance of counsel claim, the Court nevertheless must correct its erroneous sentence "in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). And though it is authorized to hold a resentencing hearing to correct its error, it is not obligated to do so where, as here, the defendant's sentence will be made less onerous. United States v. Hadden, 475 F.3d 652, 668-69 (4th Cir. 2007) (citing United States v. Erwin, 277 F.3d 727, 731 (5th Cir. 2001) (affirming district court's decision to modify prisoner's sentence to account for vacated conviction without conducting a resentencing because the modification was "a downward correction of [the prisoner's] illegal sentence"); United States v. Moree, 928 F.2d 654, 655-56 (5th Cir. 1991) ("We have long recognized the distinction between proceedings in the district court that modify an existing sentence and those that impose a new sentence after the original sentence has been set

31

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

aside. In the former instance, [a resentencing with the defendant present] usually is not required,[ ] unless the modification makes the sentence more onerous.")). Accordingly, because correcting DeVaughn's sentence on Count One will not reduce his total term of imprisonment, a resentencing hearing is unnecessary.

To sum up, absent a jury determination that DeVaughn distributed 100 or more grams of heroin in the conspiracy, his statutory maximum sentence on Count One was capped at 240 months. 21 U.S.C. § 841(b)(1)(C). And despite the Court's previous modification of his sentence on Count One to 288 months of imprisonment following a retroactive guideline amendment[9] (Dkt. No. 285), it must further reduce that sentence to the statutory maximum punishment of 240 months. But because the Court previously reduced DeVaughn's 360-month sentence on Count Fifteen to 288 months (again because of a retroactive guideline amendment) (Dkt. Nos. 188 at 2, 285), his total punishment of 288 months of imprisonment remains unchanged.

---

[9] See supra p.3 note 2.

32

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

## C. Ineffective Assistance of Counsel During Sentencing and On Appeal

Finally, DeVaughn asserts that both his trial and appellate counsel were ineffective for failing to argue that a defendant convicted under 21 U.S.C. § 861 is not subject to enhancements under the sentencing guidelines for his leadership role or use of a minor (Dkt. No. 269 at 7). The Government contends that the Court properly calculated the guidelines (Dkt. No. 287 at 6-7).

Because DeVaughn raised both of these grounds for relief on appeal (Dkt. No. 215 at 6-7), they cannot be "recast[] under the guise of a collateral attack." Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). Moreover, DeVaughn concedes that his trial counsel objected to a leadership role enhancement at sentencing (Dkt. Nos. 198 at 38, 269-1 at 5). Accordingly, even if DeVaughn were not barred from raising these issues in his habeas petition under Boeckenhaupt, his counsel was not ineffective. Strickland, 466 U.S. at 687-88.

In order to avoid the presumption established in Boeckenhaupt, DeVaughn must point to an intervening change of law

DEVAUGHN v. UNITED STATES                     1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],**
**GRANTING IN PART AND DENYING IN PART § 2255 PETITION**
**[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE**
**WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

in order to prevail on these claims. Davis v. United States, 417 U.S. 333, 342 (1974). In support, he relies on United States v. Stevenson, a case in which the Seventh Circuit held that a leadership enhancement, when considered together with an adjustment for use of a minor, amounts to "double counting." 6 F.3d 1262, 1270 (7th Cir. 1993). But the Seventh Circuit expressly overruled Stevenson in United States v. Vizcarra, 668 F.3d 516, 525 (7th Cir. 2012), and the Fourth Circuit never adopted Stevenson's reasoning. See United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004) ("Double counting is generally authorized unless the Guidelines expressly prohibit it."). Consequently, the Court properly enhanced DeVaughn's guidelines and any failure by counsel to object at sentencing or raise the issue on appeal cannot be considered ineffective assistance.

**V. CONCLUSION**

For the reasons discussed, the Court

- **GRANTS** DeVaughn's motion to for leave to amend (Dkt. No. 302);

DEVAUGHN v. UNITED STATES                          1:14CV173/1:10CR78-1

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302], GRANTING IN PART AND DENYING IN PART § 2255 PETITION [DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

- **GRANTS IN PART** and **DENIES IN PART** his § 2255 petition (Dkt. No. 269);

- **DIRECTS** the probation officer to prepare an amended judgment in DeVaughn's criminal case, Criminal Action No. 1:10CR78, to reflect his corrected sentence of 240 months of imprisonment as to Count One; and

- **DISMISSES** this case **WITH PREJUDICE.**

  It is so **ORDERED.**

  The Clerk **SHALL** enter a separate judgment order in favor of the United States, transmit copies of this Order and the judgment order to DeVaughn by certified mail, return receipt requested, and to counsel of record and the United States Probation Office for the Northern District of West Virginia by electronic means, and strike this case from the Court's active docket.

### VI. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the

DEVAUGHN v. UNITED STATES                    1:14CV173/1:10CR78-1

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION FOR LEAVE TO AMEND [DKT. NO. 302],
GRANTING IN PART AND DENYING IN PART § 2255 PETITION
[DKT. NO. 269], CORRECTING SENTENCE, DISMISSING CASE
WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rules Governing Section 2255 Proceedings 11(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because DeVaughn has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, the Court concludes that DeVaughn has failed to make the requisite showing, and **DENIES** issuing a certificate of appealability.

DATED: August 17, 2022

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

36